IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KELLEY MALA

    Plaintiff

v.

MARIA PALMER, ET AL

    Defendants

**Civil No. 10-1907 (SEC)**

**OPINION AND ORDER**

Pending before this Court is Defendants' motion to dismiss (Docket # 30), and Plaintiff Kelley Mala's ("Plaintiff") opposition thereto (Docket # 32).[1] After reviewing the filings, and the applicable law, Defendants' motion to dismiss is **GRANTED**.

**Procedural Background**

On May 30, 2007, Plaintiff, a *pro se* prisoner, filed the present suit in the District Court of the Virgin Islands alleging that Defendants[2] deprived him of his personal property without just compensation. Docket # 1. On June 25, 2008, Plaintiff filed an amended complaint to include additional defendants and setting forth a more specific statement of facts in support of his claims. According to the complaint, on August 11, 2005, Plaintiff's private property was seized by Co-Defendant Juan Clemente[3] ("Clemente") and other agents (Marine Enforcement

---

[1] Defendants' motion was partially granted by the District Court of the Virgin Islands insofar as their request for transfer of venue was granted, and the instant case was transferred to this district. See Docket # 61. Notwithstanding, Defendants' motion set forth several additional arguments for dismissal of the case in its entirety. As such, they will be properly addressed by this Court.

[2] Plaintiff does not clearly specify each Defendants' position and participation in the alleged unconstitutional actions which in itself lends support to Defendants' request for dismissal for failure to state a claims. They are all, however, federal officers.

[3] Juan Clemente was also a Co-defendant in a *Bivens* suit filed by Plaintiff stemming from the search. See Civil No. 06-1149 (PG).

**CIVIL NO. 10-1907 (SEC)**                                                                 Page 2

Officers from the U.S. Department of Homeland Security and U.S. Customs and Border Protection) without probable cause and in violation of his constitutional rights. He contends that Defendants took $1,500 in cash, his private pleasure boat and his religious belt, which was later destroyed. According to Plaintiff, Defendants have failed to return his property, despite his repeated requests. As such, he seeks damages for the alleged illegal seizure, and the federal officers' failure to return his property. In late 2009, most of the Defendants were served with process, and subsequently filed the instant motion to dismiss. Docket # 30. In their motion, Defendants argue several points: that Plaintiff is not entitled to *in forma pauperis* status in light of the "three strikes" provision set forth in 28 U.S.C. § 1915(g); insufficient service of process upon Co-Defendant Norma Ayuso; collateral estoppel; and sovereign and qualified immunity. Id. Plaintiff opposed, asserting that his complaint is not a collateral attack on his sentence but instead a suit for damages for civil rights violations.

On June 7, 2010, Plaintiff moved to amend the complaint for the second time, to include additional defendants. Docket # 45. Defendants opposed (Docket # 51), and Plaintiff replied (Docket # 52). Shortly thereafter, on June 28, 2010, Plaintiff filed a another request to amend the complaint. Docket # 53.

**Applicable Law and Analysis**

The facts of this case are set forth in U.S. v. Carrasco, 540 F.3d 43 (1st Cir. 2008). On May 11, 2005, Plaintiff and another individual were arrested by Marine Enforcement Officers from the U.S. Department of Homeland Security and U.S. Customs and Border Protection after a search of Plaintiff's boat revealed approximately 47 kilos of cocaine and 170 grams of heroin. Plaintiff was indicted in this district[4] for conspiracy to possess with intent to distribute, and

---

[4] The men were traveling from the U.S. Virgin Islands to Puerto Rico, and were stopped close to the island of Culebra.

**CIVIL NO. 10-1907 (SEC)**                                                              Page 3

aiding and abetting to distribute heroin and cocaine in violation of 21 U.S.C. § 841(B)(1)(A) and 846. See Crim No. 05-286-2 (JAF), Docket # 16. On December 11, 2005, during the criminal proceedings, Plaintiff filed a motion pursuant to the Fourth Amendment to suppress the evidence obtained as a result of the search of the tool boxes and backpack in his vessel. Id. at Docket # 99. His request was denied, upon the trial court's finding that the search was consented by Plaintiff and that insofar as the vessel was traveling from the U.S. Virgin Islands to Puerto Rico, the documentation stop in Customs waters became a border search actionable irrespective of consent. Id. at Docket # 100. On June 25, 2009, Plaintiff requested the return of the personal property seized during the search. Id. at Docket # 364. Said request, however, was also denied. Id. at Docket # 370.

On May 18, 2006, Plaintiff was convicted on both counts. See Crim No. 05-286-2 (JAF), Docket # 170. On appeal, the First Circuit upheld the district court's denial of the motion to suppress the evidence seized after the search of the vessel, upon finding that Plaintiff consented to the search. See U.S. v. Carrasco, 540 F.3d 43 (1st Cir. 2008). The case, however, was remanded for new trial on other grounds. On remand, Plaintiff plead guilty and was sentenced to 78 months. See id. at Docket # 305. Plaintiff once again appealed, arguing that the district court erred in imposing a 78 month sentence instead of a 70-month sentence. Notwithstanding, his 78-month sentence was affirmed. Id. at Docket # 376.

On February 7, 2006, Plaintiff filed suit under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971),[5] against the U.S. Department of Customs, Angel Negron and Clemente, alleging civil rights violations stemming from the May 11, 2005 search of his vessel. See Civil No. 06-

---

[5] In Bivens, the Supreme Court held that a violation of the Fourth Amendment's protection against unreasonable searches and seizures, by a federal agent acting under color of federal authority, gives rise to a federal cause of action against the agent for money damages caused by the agent's unconstitutional conduct.

**CIVIL NO. 10-1907 (SEC)**                                                                 Page 4

1149, Docket # 1. In said case, the district court granted Defendants' request for summary judgment on several grounds. Id. at Docket # 63. In so doing, the court first noted that insofar as sovereign immunity precludes suits against the United States and its agents, Plaintiff's claims against Defendants in their official capacities and the U.S. Department of Customs failed; more so considering that *Bivens* claims are not available against federal agencies. Second, the court held that Plaintiff's claims were barred under the doctrine of collateral estoppel. In support of said finding, the court pointed out that the basis of Plaintiff's claims boiled down to the legitimacy of the vessel's stop and search, an issue which was adequately addressed by the trial court in the criminal case and could not be re-litigated.[6] Lastly, the court found that the Defendants were immune from suit considering that the trial court had already concluded that Plaintiff consented to the search, and even without consent, the search constituted a proper border search. Accordingly, Plaintiff's claims were dismissed with prejudice. On appeal, the First Circuit affirmed, stating that "the district's court finding of collateral estoppel is sound." Id. at Docket # 76. More specifically, the appeals court noted that "the outcomes of suppression hearings are within the ambit of collateral estoppel," thus the district court's decision that the search of Plaintiff's vessel was lawful precluded the re-litigation of the search's validity, even in a suit for damages.

Thereafter, on May 30, 2007, Plaintiff filed the present suit, seeking damages for the property seized during the search of his vessel. This Court first notes that damages under 42 U.S.C. § 1983 "normally does not lie against a federal official." Redondo-Borges v. United States HUD, 421 F.3d 1, 6 (1st Cir. 2005) (citing Chatman v. Hernandez, 805 F.2d 453, 455 (1st

---

[6] After the Court's Opinion & Order in Civil No. 06-1189 (PG), issued on September 28, 2007, the First Circuit reaffirmed the legitimacy of the search of the vessel. See U.S. v. Carrasco, 540 F.3d 43 (1st Cir. 2008).

Cir. 1986) (per curiam) (finding that "Section 1983 applies to persons acting 'under color of state law' and not to persons acting pursuant to federal law.")). "There is no statute expressly creating a cause of action against federal officers for constitutional or federal statutory violations." R.I. Dep't of Envtl. Mgmt. v. United States, 304 F.3d 31, 41 (1st Cir. 2002). The Supreme Court, however, held that federal officials sometimes can be personally liable for constitutional torts committed under color of federal law exclusively under the standard set forth in *Bivens*. Id. Here, Plaintiff does not assert claims under *Bivens*, or any specific statute conferring a cause of action for damages stemming from constitutional violations by federal officers. This, however, need not be discussed further since Plaintiff's claims are barred by collateral estoppel, as will be explained below.

*Res judicata and collateral estoppel*

The First Circuit has held that when the judgment for a prior case is "entered by a federal court exercising federal question jurisdiction, the applicability of *res judicata* and collateral estoppel is a matter of federal law." See Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 89 (1st Cir. 2007).[7] The Supreme Court has distinguished the doctrines of *res judicata* and collateral estoppel as follows. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," while "[u]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336 (2005) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)); see also Barreto-Rosa v. Varona-Mendez 393 F. Supp. 2d 122,126 (D.P.R. 2005);

---

[7] Federal courts have also "consistently accorded preclusive effect to issues decided by state courts." Allen v. McCurry, 449 U.S. 90, 95 (1980).

Coors Brewing Co. v. Mendez-Torres, 562 F.3d 3, 10-11 (1st Cir. 2009) (abrogated on other grounds) (citing Perez v. Volvo Car Corp., 247 F.3d 303, 311 (1st Cir. 2001) (citing Allen, 449 U.S. at 94). Both doctrines seek to "prevent[] plaintiffs from splitting their claims by providing a strong incentive for them to plead all factually related allegations and attendant legal theories for recovery the first time they bring suit." Apparel Art Int'l v. Amertex Enters., 48 F.3d 576, 583 (1st Cir. 1995).

To trigger *res judicata*, also known as claim preclusion, there must be "'(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits.'" Coors Brewing, 562 F.3d at 10 (citations ommitted); Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33 (1st Cir. 2004) (citing Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortgage Bankers Corp.), 324 F.3d 12, 15 (1st Cir. 2003) (internal quotation marks omitted). On the other hand, a party seeking to invoke the doctrine of collateral estoppel, or issue preclusion, must establish that (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment. Ramallo Bros., 490 F.3d at 90; see also Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 770 (1st Cir. 2010).

In the past, courts "adhered to the doctrine of 'mutuality of estoppel,' which ordained that 'unless both parties (or their privies) in a second action are bound by a judgment in a previous case, neither party (nor his privy) in the second action may use the prior judgment as determinative of an issue in a second action.'" Miranda-Marin, 610 F.3d at 770 (citing Acevedo-Garcia v. Monroig, 351 F.3d 547, 573 (1st Cir. 2003)). Notwithstanding, the Supreme Court no longer requires mutuality for the application of collateral estoppel to bar relitigation

of issues decided earlier in federal-court suits. Allen, 449 U.S. at 94-95 (citing Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971) and Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979)). As a result, a litigant who was not a party to a federal case may use collateral estoppel "offensively" in a new federal suit against the party who lost on the decided issue in the first case, a doctrine known as "nonmutual collateral estoppel." Id. This Circuit has pointed out that "[n]onmutual collateral estoppel may be invoked either offensively, by a plaintiff who 'seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party,' or, as in this case, defensively, by a defendant who 'seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant.'" Miranda-Marin, 610 F.3d at 771 (citing Parklane Hosiery, 439 U.S. at 326 n.4).

The concept of collateral estoppel, however, "cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." Id. (citing Montana v. United States, 440 U.S. 147, 153 (1979)). Thus in determining whether nonmutual collateral estoppel applies, the central question is "whether a party has had a full and fair opportunity for judicial resolution of the same issue." Miranda-Marin, 610 F.3d at 771 (citing Fiumara v. Fireman's Fund Ins. Cos., 746 F.2d 87, 92 (1st Cir. 1984)). Accordingly, if a plaintiff that lost an issue in the first case was afforded a full and fair opportunity to litigate the same in the prior case, collateral estoppel precludes reasserting those arguments in a subsequent suit filed against a defendant who was not a party to the first case.

In the present case, the validity of the search of the vessel was addressed in earlier actions, to wit, Crim No. 05-286-2 (JAF), U.S. v. Carrasco, 540 F.3d 42 (1st Cir. 2008), and Civil No. 06-1149 (PG). Moreover, said issue was actually litigated; was determined by a valid

**CIVIL NO. 10-1907 (SEC)**                                                                 Page 8

and binding final judgment; and the determination of said issue was essential to the judgment. Clearly, Plaintiff once again challenges the validity of the search of his vessel despite having a full and fair opportunity to do so prior to filing this suit. Although he claims that he is not collaterally attacking his sentence but merely seeking damages, said argument is unpersuasive since the relief sought is based on the same issue that has been exhaustively discussed and adjudicated by the courts: whether the search of the vessel, and the seizure of the property obtained as a result thereof, was legal.

Even more, Plaintiff's request for damages hinges on alleged violations to his Fourth Amendment right to be free of illegal search and seizures, which was expressly addressed and adjudicated by the trial court in Crim No. 05-286-2 (JAF) and U.S. v. Carrasco, 540 F.3d 42 (1st Cir. 2008); and the fact remains that the search conducted on May 11, 2005 was legal. This issue cannot be revisited once more under the guise of a different venue or legal theory. As the First Circuit pointed out, issues decided in criminal prosecutions may preclude their later relitigation in a civil action. Johnson v. Mahoney, 424 F.3d 83, 94 (1st Cir. 2005). Therefore, "if plaintiff unsuccessfully attacked the searches and seizures on fourth amendment grounds at his state criminal trial, then [he is] collaterally estopped from relitigating the matter [in a civil suit.]" Civil No. 06-1149, Docket # 76 (citing Decker v. Hillsborough Cty. Atty's Office, 845 F.2d 17, 20 (1st Cir. 1988)). Moreover, Defendant correctly asserts the doctrine of nonmutual collateral estoppel since plaintiff cannot reassert a claim he has previously litigated and lost against another defendant. Miranda-Marin, 610 F.3d at 771 (citing Parklane Hosiery, 439 U.S. at 326 n.4); see Civil No. 06-1189 (PG)..

Additionally, all claims against Defendants in their official capacity must be dismissed insofar as the United States and its officers are immune from suits seeking monetary damages for constitutional violations. See Puerto Rico Pub. Hous. Admin. v. United States HUD, 59 F.

**CIVIL NO. 10-1907 (SEC)** Page 9

Supp. 2d 310, 322 (D.P.R. 1999). In general, the United States enjoys immunity from suit. Roman-Cancel v. United States, 613 F.3d 37, 41 (1st Cir. 2010) (citing McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006)).[8] Accordingly, the doctrine of sovereign immunity bars constitutional claims against the United States, its agencies and federal officers in their official capacities. Tapia-Tapia v. Potter, 322 F.3d 742, 745-746 (1st Cir. 2003) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). Thus "in the absence of a specific statutory authorization [such as the FTCA for tort claims], the only way in which a suit for damages arising out of constitutional violations attributable to federal action may be brought is under the doctrine of *Bivens* [against federal officers in their individual capacities]." Id. at 745-746.

As a result of the above, Plaintiff's motion to amend the complaint (Docket # 45) is **DENIED**. His claims cannot be salvaged at this point by amending the complaint.

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of December, 2010.

            s/*Salvador E. Casellas*
            Salvador E. Casellas

---

[8] Congress waived the government's sovereign immunity with respect to private tort actions under the FTCA, 28 U.S.C. § 1346(b), 2671-2680, subject, however, to a number of restrictions and conditions. It is now beyond dispute, "that the United States, and not the responsible agency or employee, is the proper party defendant in a[n FTCA] suit." Galvin v. Occupational Safety & Health Administration, 860 F. 2d 181, 183 (5th Cir. 1988); see also De Jesus Maldonado v. VAH, 2009 U.S. Dist. LEXIS 75588 (D.P.R. 2009). That is, "a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government... employees... and courts have consistently held that an ... employee cannot be sued *eo nomine* under the [FTCA]" Id. As a result, "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." Id.; see also Lora-Rivera v. DEA, 800 F.Supp. 1049, 1050 (D.P.R. 1992). Moreover, the FTCA is exclusively for negligence claims, and not for constitutional violations.

**CIVIL NO. 10-1907 (SEC)** **Page 10**

U.S. Senior District Judge